ALLSTATE INSURANCE Co. *v.* CORIELL ET AL.

(No. 53703—Decided November 5, 1971.)

Common Pleas Court of Scioto County.

*Mr. Edward J. Utz*, for plaintiff.

*Messrs. Skelton, Kahl, Horr & Burton* and *Mr. Charles P. Chapman, Jr.*, for defendant, William Harley.

*Mr. Raymond T. Switalski*, for defendant, Geneva L. Coriell.

MARSHALL, J. Plaintiff's amended petition for declaratory judgment, in its pertinent parts, alleges that plaintiff issued a policy of liability insurance to defendant, William Harley, which was in effect on July 30, 1968, in which policy

it was agreed that plaintiff would pay on behalf of the insured all damages that the insured might become legally obligated to pay because of bodily injury sustained by any person, and injury to or destruction of property; and that the plaintiff "will defend at its expense and with counsel of its choice any lawsuit, even if groundless, false or fraudulent, against the insured for such damages which are payable under the terms of this section * * *"; that the terms of said policy excluded from its coverage "bodily injury or injuries to or destruction of property caused feloniously or intentionally by or at the direction of an assured" and "bodily injury to any person (a) if at the time of the occurrence the assured has in effect a policy providing workmen's compensation or occupational disease benefits therefor, or (b) if any benefits therefor are either payable or required to be provided under the workmen's compensation or occupational disease law, but this subdivision (b) shall apply—only if such benefits are payable or required to be provided by the insured."

The amended petition further alleges that suit was instituted in this court in Case No. 52630 by Geneva L. Coriell, a defendant herein, against the said William L. Harley, the other defendant herein, in which the plaintiff therein seeks damages against said defendant, Harley, in the total amount of $316,208.96 for injuries and expenses incurred by reason of, in the wording of the allegation, "that on the 30th day of July, 1968, in the city of Portsmouth, county of Scioto and state of Ohio, she was unlawfully, maliciously and without reasonable or just provocation, assaulted and forcibly thrown backward on the floor by defendant. * * *" Plaintiff further alleges that the injuries described by Geneva L. Coriell occurred while she and the said defendant, William Harley, were employed by and working at the Williams Manufacturing Company, Portsmouth, Ohio, and that Geneva L. Coriell received workmen's compensation benefits from the state of Ohio by reason thereof; that in the absence of a declaratory judgment as prayed for, plaintiff will be obligated at its

peril to defend the lawsuit brought by the said Geneva L. Coriell against the said William Harley, and at its peril to pay or refuse to pay any judgment recovered therein. Petitioner "prays that the court adjudge and declare, by reason of the facts hereinbefore set out:

"A. That there was no coverage in the policy by plaintiff to William Harley and there is no obligation to defend the action brought against the said William Harley by the said Geneva L. Coriell arising out of the assault which is said to have occurred on July 30, 1968.

"B. That plaintiff is under no obligation to pay any judgment that might be obtained against the said William Harley as a result of the alleged assault."

Defendant, Geneva L. Coriell, filed an answer praying that the court declare that plaintiff is obligated to pay any judgment that might be obtained in Case No. 52630. Defendant, William Harley, demurred to the petition, which was overruled. Thereafter, defendant, William Harley, filed an answer and counterclaim, admitting that Geneva L. Coriell had received workmen's compensation benefits for the alleged injury she claims to have sustained on July 30, 1968, at her place of employment, as alleged, but that the injuries sustained by her on said date "resulted from an accident and that she was not unlawfully, maliciously and without reasonable or just provocation assaulted and forcibly thrown backward to the floor by defendant, William Harley, as claimed in her petition filed in said Case No. 52630." By way of counterclaim, William Harley alleges that, because the plaintiff has brought this action and declined to defend him in Case No. 52630, it has breached its contract, entitling him to damages in the sum $20,000.00 for expenses incurred by him in defending that action and this case. Defendant prays that the court adjudge and declare that a legal obligation exists on the part of the plaintiff to defend said action and for judgment on his counterclaim.

Plaintiff in its answer to the counterclaim alleges that it is not required to defend actions for damages not based

on negligence, but arising out of a willful and intentional assault and battery; and further that if William Harley accidentally injured Geneva L. Coriell, in that event, since she is covered by workmen's compensation, the provisions of R. C. 4123.74.1, providing immunity from suit by fellow employees, excuses plaintiff from defending the action.

It was stipulated by the parties that a copy of the petition in Case No. 52630 and a copy of the policy of insurance would be received into evidence, and further that said policy was in full force and effect on July 30, 1968, the time of the injury which fomented the litigation in this court. The case was thereupon submitted to the court.

The issues are:

1. Is this a proper case for declaratory relief?

Defendant contends that the court should not proceed in this case because to do so would necessarily involve the determination of certain factual matters which are also issues in Case No. 52630; that conceivably a different determination of these factual issues could be made in each case; that where a dispute as to the facts exist, it is discretionary with the court as to whether or not it will assume jurisdiction; and that the defense clause of the policy requires plaintiff to defend in Case No. 52630 because of the policy requirement to defend all claims even though they may be groundless.

We have examined the authorities submitted by defendant, as well as many other decisions by the courts of Ohio, other states and of the federal bench. Although the point is well taken as to the possibility of a different determination of factual issues, yet, the weight of authority, as well as the courts of Ohio, take the position that declaratory relief is proper in this situation. R. C. 2721.13 provides that the declaratory judgment sections ''are remedial, and shall be liberally construed.'' The leading case in Ohio is *Ohio Farmers Indemnity Co.* v. *Chames* (1959), 170 Ohio St. 209, in which the Supreme Court held that under the Declaratory Judgments Act, ''which provides for a declaration of rights, status and other legal relations, an

automobile liability insurer, against whom claims have been asserted on account of death and injury inflicted by the driver of an insured automobile, may maintain an action for a declaratory judgment as to liability or non-liability under the insurance policy, notwithstanding that factual determinations are necessary to make a declaration on that controlling issue.'' That case required a determination as to whether or not the driver of insured's automobile was operating with the insured's permission. In an earlier case, the Supreme Court had held that the issue of an ''insurer's obligation to defend the insured in an action for damages against him is an actual or justiciable controversy determinable by a declaratory judgment,'' and the fact that a controversy turns on questions of fact does not withdraw it from judicial cognizance under declaratory judgment procedure. *Travelers Indemnity Co.* v. *Cochran* (1951), 44 O. O. 302. The facts in that case involved the question of compliance with policy provisions requiring cooperation with the insurer.

In *Ohio Farmers Indemnity Co.* v. *Chames, supra,* the court stated: ''The use of the declaratory judgment action to establish whether there was coverage under the provisions of a liability insurance policy has often been resorted to by insurers in recent years. In many instances this type of action will determine in advance the advisability of instituting or continuing the prosecution of negligence actions against the insured or others which may come within the protection of the policy and often accomplishes the speedier and more economical disposition of cases of this kind and the avoidance of a multiplicity of actions.'' Incidentally, the majority of the court expressly repudiated the holding in the case of *Ohio Farmer Ins. Co.* v. *Heisel,* 143 Ohio St. 519, relied upon by defendant in his argument.

Defendant contends that if the court does have jurisdiction, it is discretionary as to whether or not that jurisdiction should be exercised in a controversy of this nature. The Court of Appeals, however, has held that the discretion vested in a trial court by the provisions of R. C. 2721.07,

is a limited discretion, and the Common Pleas Court is required to take jurisdiction in a declaratory judgment action and make a declaration with respect to coverage provided by a policy of insurance as between the insurer and the insured. *Celina Mutual Ins. Co.* v. *Sadler* (1966), 6 Ohio App. 2d 161.

The Supreme Court of Ohio has held that the insurer, under a policy which undertakes to indemnify the insured against judgments recovered against the insured by persons accidentally injured and further requires the insurer to bear the expense of defending such actions, is not required to defend actions for damages not based on negligence but arising out of a willful and intentional assault and battery. *Commonwealth Casualty Co.* v. *Headers* (1928), 118 Ohio St. 429. The United States Circuit Court of Appeals, 6th Circuit, adopting this position added, "The state of the will of the person by whose agency an injury is caused, rather than that of the injured person, determines whether an injury is accidental." *Cordon* v. *Indemnity Ins. Co. of N. America* (1941), 123 Fed. 2d 363.

We, therefore, conclude that this is a proper action for declaratory judgment as prescribed by Rule 57, Ohio Rules of Civil Procedure.

2. Is the defendant, Harley, permitted to introduce evidence contradicting the allegations of the petition in Case No. 52630 in an attempt to show that the injuries defendant, Coriell, received, which are the subject of that action, were incurred accidentally rather than having been intentionally inflicted by Harley upon Coriell, as alleged?

It is well established that the sole test as to the duty of an insurance company under its policy to defend an action against its insured is determined from the allegations of the petition in the action brought against the insured, *Socony* v. *Continental Casualty Co.*, 144 Ohio St. 382; *Lessak* v. *Metropolitan Casualty Ins. Co.*, 168 Ohio St. 153; *Stephenson* v. *Duriron Co.. U. S. District Ct., Southern District of Ohio, Western Division*, 48 O. O. 2d 137. Although

this principle is usually invoked to compel an insurance company to defend an action in which the allegations of the complaint bring it within the coverage of the policy, regardless of the ultimate outcome of the action or the liability of the insured, yet, there is no logical reason not to apply it conversely; that is, in those cases in which the allegations of the complaint do not bring the action within the coverage of the policy. This is the position taken in the case of *Boyle* v. *National Casualty Co.*, 84 Atl. 2d 614. In that case, the policy insured against accidental injury arising out of the ownership and maintenance or use of a restaurant. Plaintiff filed suit alleging that insured intentionally administered a physical beating to him while he was lawfully on the restaurant premises. The court, in upholding the right of the company to refuse to defend the suit stated:

"The obligation of the insurance company to defend an action brought against insured, as distinguished from its obligation to pay a judgment in that action, by the overwhelming weight of authority, is to be determined by the allegations of the complaint. This obligation is not affected by facts ascertained before suit or developed in the process of litigation or by the ultimate outcome of the suit. If the allegations of the complaint state a cause of action within the coverage of the policy the insurance company must defend. On the other hand, if the complaint alleges a liability not within the coverage of the policy, the insurance company is not required to defend."

See also *Douglas Equipment Co.* v. *Hartford Acc. & Indem. Co.*, 435 F. 2d 1024.

3. Does the defense provision of the policy compel the plaintiff to defend any action brought against the insured, regardless of its nature?

The Supreme Court of Ohio has ruled that "The fact that a policy of insurance contains a provision that the insurer shall make defense even though the claim may be groundless, does not require the insurer to defend a groundless claim which is not within the coverage of the policy."

*Socony* v. *Continental Casualty Co., supra.* See also *Luchte* v. *State Automobile Mutual Ins. Co.,* 50 Ohio App. 5, and *Douglas Equipment Co.* v. *Hartford Acc. & Indem. Co., supra.*

4. Does R. C. 4123.74.1, which provides immunity from suit by fellow employees, excuse plaintiff from undertaking its insured'.₁ defense in Case No. 52630?

This ₁tatute affords protection to Harley only, and does not extend to his insurance company. If the action were properly brought against the insured, and the complaint alleged facts within the coverage of the policy, the plaintiff would be required to defend. It is also evident that plaintiff cannot escape responsibility by relying upon the fact that Geneva L. Coriell received benefits from the Ohio Bureau of Workmen's Compensation for her claimed injuries. This does not come within the exclusionary provisions of the policy since such benefits were not provided by Harley, who was the insured.

5. Does the counterclaim state a cause of action?

Having concluded that the plaintiff owes no duty to defend Harley in Case No. 52630, there is no basis for the counterclaim which demands judgment for expenses allegedly occurred and to be incurred in defending that action; nor would defendant, Harley, be entitled to recover judgment for expenses incurred in defending this action, which the court finds to have been properly brought.

It Is Adjudged and Declared:

1. That plaintiff is not required by the provisions of its policy of insurance to defend the action brought against William Harley by Geneva L. Coriell in Case No. 52630, and it has no obligation to pay any judgment that might be rendered against the said William Harley arising from the alleged assault.

2. That the counterclaim of the defendant, William Harley, does not state a cause of action, and the same should be dismissed.

Declaratory judgment granted for plaintiff.