Rettig Enterprises, Inc. et al., Appellees, *v.* Koehler et al., Appellants.

[Cite as *Rettig Enterprises, Inc. v. Koehler* (1994), 68 Ohio St.3d 274.]

(No. 92–2121—Submitted November 10, 1993—Decided February 9, 1994.)

*Willaim Scott O'Brien,* for appellees.

*Brimley, Kostyo & Lather* and *John F. Kostyo,* for appellants James C. Koehler, Dennis E. Lane, Northwest Passage Co., Inc., and Northwest Ohio Tool.

*Bernard K. Bauer Co., L.P.A.,* and *Bernard K. Bauer,* for appellant Will Shinew.

ALICE ROBIE RESNICK, J.  Although somewhat factually complicated, this case presents a simple legal issue:  Does Civ.R. 13(A) bar the plaintiffs from bringing Rettig III?  We answer this question in the affirmative.

Civ.R 13(A) provides, in pertinent part, that:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

In *Geauga Truck & Implement Co. v. Juskiewicz* (1984), 9 Ohio St.3d 12, 14, 9 OBR 61, 63, 457 N.E.2d 827, 829, this court stated that "[t]he two-pronged test for applying Civ.R. 13(A) is:  (1) does the claim exist at the time of serving the pleading * * *; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim."  If both prongs are met, then the present claim was a compulsory counterclaim in the earlier action and is barred by virtue of Civ.R. 13(A).  *Id.*

It makes no difference to the application of Civ.R. 13(A) that the opposing claim in the earlier action was a counterclaim rather than a complaint or that the present claim was originally filed as a complaint in the earlier action and dismissed without prejudice after the defendant filed its counterclaim.  See 5

Wright & Miller, Federal Practice and Procedure (Civil 2d 1990) 28–29, Section 1188. See, also, *Lenihan v. Shumaker* (May 6, 1987), Summit App. No. 12814, unreported, 1987 WL 10916; *Dungan v. Bryant* (Mar. 2, 1983), Lorain App. No. 3393, unreported, 1983 WL 3996.[1]  Civ.R. 13(A) requires all existing claims between opposing parties that arise out of the same transaction or occurrence to be litigated in a single lawsuit, regardless of which party initiates the lawsuit.

It is undisputed that the plaintiffs' claims in Rettig III existed at the time the relevant pleadings were served in Rettig II.  The only question that remains is whether the plaintiffs' claims in Rettig III arise out of the transaction or occurrence that is the subject matter of the defendants' counterclaims in Rettig II.

In determining whether claims arise out of the same transaction or occurrence, courts most frequently utilize the "logical relation" test.  See, generally, 6 Wright, Miller & Kane, Federal Practice and Procedure (Civil 2d 1990) 65, Section 1410.  Under this test, "[a] compulsory counterclaim is one which 'is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.' "  Staff Notes (1970) to Civ.R. 13, quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.* (C.A.3, 1961), 286 F.2d 631, 634.

The logical relation test comports with the object and purpose of Civ.R. 13(A), *viz.,* to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters.  See Staff Notes, *supra; Cyclops Corp. v. Fischbach & Moore, Inc.* (D.C.Pa.1976), 71 F.R.D. 616, 619; 6 Wright, Miller & Kane, Federal Practice and Procedure, *supra,* at 46, Section 1409.  This test is also useful in the flexibility it affords:

" 'Transaction' is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. * * *  That they are not precisely identical, or that the counterclaim embraces additional allegations * * * does not matter.  To hold otherwise would be to rob this branch of the rule of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever,

---

1. This case does not present the issue as to whether a defendant is estopped from asserting Civ.R. 13(A) as a bar to plaintiff's claim where, in the earlier action, the defendant had consented to a dismissal without prejudice and the refiling of the claim; and a determination of such issue should not be implied from this opinion.  See, *e.g., Beta II, Inc. v. Fed. Ins. Co.* (Aug. 15, 1984), Hamilton App. No. C–830779, unreported, 1984 WL 6951.  Nor does this case involve the situation where the complaint in the earlier action was dismissed prior to the filing of a counterclaim, or where a counterclaim was filed as a complaint in another action and the two actions were consolidated.  See, *e.g., Jackson v. Simmons* (Mar. 4, 1993), Cuyahoga App. No. 61906, unreported, 1993 WL 58620.  It should be noted further that the trial court in this case did not order separate trials pursuant to Civ.R. 13(I).

are, in all particulárs, the same as those constituting the defendant's counter-claim." *Moore v. New York Cotton Exchange* (1926), 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757.

Thus, multiple claims are compulsory counterclaims where they "involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties." *Great Lakes Rubber Corp., supra,* 286 F.2d at 634.

A review of the record in this case reveals that the claims asserted by plaintiffs in Rettig III are logically related to and arose out of the same transactions as the counterclaims litigated in Rettig II. They are offshoots of the same basic controversy between the parties over an accounting of the various rights, obligations and liabilities springing from the business arrangement involving Ohio Tool at 820 North Main Street, and include many of the same factual and legal issues. In fact, the claims asserted by plaintiffs in Rettig III are either very similar to or restate those that were asserted by plaintiffs and dismissed in Rettig II. Plaintiffs themselves recognized, in arguing their motion to supplement their complaint in Rettig II, that "[t]he transactions involved in the complaint, the counterclaims, and the supplemental complaint all arise out of the same occurrence and transaction." We agree.

Plaintiffs argue that even though Shinew did not sign the October 17, 1988 settlement agreement, an independent action can be brought against him for the sole purpose of forcing Shinew to perform the inventory cost calculations required by that agreement. The cases relied upon by plaintiffs, however, do not support such a theory. Shinew's employer, Northwest Ohio Tool, and not Shinew, is the real party in interest.

For the foregoing reasons, the judgment of the court of appeals is reversed, and the summary judgment entered by the trial court in favor of defendants is reinstated.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.