OPINION
Plaintiff-appellant, William C. Lewis, appeals from judgment of the Clinton County Court of Common Pleas granting summary judgment to defendant-appellee, Sabina Bank.
Between March 1990 and November 1990, appellee extended several loans to appellant for the purchase of rental real estate. For each of the individual loans, appellant executed a note that was secured by a mortgage on properties owned by appellant in Clinton County. Appellant defaulted on his notes and appellee filed a foreclosure action in the Clinton County Court of Common Pleas on October 6, 1993. On January 21, 1994, the Clinton County Court of Common Pleas granted summary judgment in favor of appellee and entered a decree of foreclosure.
On April 19, 1996, appellant filed a complaint in the Clinton County Court of Common Pleas against appellee. Appellant alleged that appellee breached the mortgage contracts that were the subject of the foreclosure action. In addition, appellant alleged that appellee "committed serious abuse of position of privilege or power during its breaches of contracts" by refusing to refinance his loans and by refusing to extend additional loans to him under the false pretense that loans were no longer being extended for rental real estate.
On July 22, 1996, appellee moved for summary judgment arguing that appellant's action was barred under the res judicata doctrine. On September 25, 1996, the trial court granted appellee's motion. The trial court held that res judicata barred appellant's claims because they were compulsory counterclaims that should have been raised in the original foreclosure action.
On appeal, appellant assigns the following four assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT BASED ON THE DOCTRINE OF RES JUDICATA, RULING "THAT [APPELLANT'S] CAUSE OF ACTION IN THE INSTANT CASE EXISTED AT THE TIME OF THE EARLIER ACTION."
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN ITS RULING "THAT THIS CLAIM AROSE OUT OF THE SAME SET OF FACTS AND OCCURRENCES THAT WAS THE SUBJECT MATTER OF THE OPPOSING CLAIM."
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN ITS RULING "THAT BOTH ACTIONS AROSE OUT THE SAME MORTGAGE CONTRACTS AND ARE BASED ON THE SAME INSTRUMENTS."
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN ITS RULING "THAT THE FACTS ALLEGED IN THE INSTANT ACTION WERE FROM READILY AVAILABLE PUBLIC RECORDS THAT COULD HAVE BEEN RAISED AT THE TIME OF THE EARLIER CASE."
Appellant's four assignments of error are interrelated and will be discussed together. Appellant essentially argues that the trial court erred in finding that his claims were barred by res judicata and granting appellee's motion for summary judgment.
A reviewing court must follow the standard set forth in Civ.R. 56(C), which provides that the following must be shown before summary judgment may be granted: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Welco Ind. Inc. v. Applied Cos. (1993),67 Ohio St.3d 344, 346.
Pursuant to the res judicata doctrine, a valid, final judgment rendered upon the merits by a court of competent jurisdiction bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,382; Swartz v. Swartz (Feb. 24, 1997), Warren App. No. CA96-07-063, unreported. Accordingly, where a compulsory counterclaim within the meaning of Civ.R. 13(A) is not asserted in an action, the doctrine of res judicata bars bringing that claim in a subsequent action. Rettig Enterprises v. Koehler (1994), 68 Ohio St.3d 274; Westlake v. Rice (1995), 100 Ohio App.3d 438. In order for a claim to constitute a compulsory counterclaim, the following must be shown: (1) the claim must have existed at the time the initial complaint was served; and (2) the claim must have arisen from the same transaction or occurrence that is the subject matter of the opposing party's claim.[1] Rettig at 277; Geauga Truck Implement Co. v. Juskiewicz (1984), 9 Ohio St.3d 12, 14.
After a review of the record, we find that appellant's claims existed at the time the foreclosure action was filed. Appellant's breach of contract claim is based upon the notes and mortgages that were the subject of the foreclosure action. Since the alleged breaches occurred prior to the filing of the foreclosure action, appellant's breach of contract claim existed at the time that the foreclosure action was commenced.
In support of his "serious abuse of position of privilege" claim, appellant relies upon two mortgages that were recorded with the Clinton County Recorder's Office in 1991. Since appellee's foreclosure action was not filed until October 1993, appellant's claim is based upon public records that he could have discovered and investigated prior to the filing of the foreclosure action. Moreover, the alleged actions of appellee that constituted the basis for this claim occurred before the foreclosure action was commenced. Therefore, appellant's claims existed at the time the foreclosure action was filed and he had a full and fair opportunity to present them.
Appellant also argues that the trial court erred in finding that his claims arose out of the same transaction or occurrence as the foreclosure action. In determining whether claims arise from the same transaction or occurrence, the Ohio Supreme Court has adopted the logical relation test. Rettig,68 Ohio St.3d at 278. According to this test, a claim is logically related to an opponent's claim when separate trials on each of the claims would involve substantial duplication of effort and time by the parties and the courts. Id. Thus, multiple claims arise out of the same transaction or occurrence when the claims involve many of the same factual issues, or the same factual and legal issues, or where the claims are the product of the same basic controversy between the parties. Id. at 279.
After reviewing the record, we find that the trial court did not err in finding that appellant's claims arose out of the same transaction or occurrence as appellee's foreclosure action. Appellant's breach of contract claim is based upon the notes and mortgages that were the focus of appellee's foreclosure action. In addition, appellant's "abuse of position of privilege" claim is based on the mortgage loan transactions that were the subject of the foreclosure. Since appellant's claims involve many of the same factual issues as the foreclosure action and arose from the same basic controversy, we conclude that the court did not err in finding that appellant's claims were compulsory counterclaims and barred from being litigated under the doctrine of res judicata. See Jungkunz v. Fifth Third Bank (1994), 99 Ohio App.3d 148; O'Brien v. Citicorp Mortgage, Inc. (Feb. 24, 1995), Franklin App. No. 93AP-1074, unreported. Accordingly, appellant's four assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Civ.R. 13(A) provides, in relevant part, that:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.