OPINION
On January 12, 1997, David J. Prince died from injuries received in an automobile accident involving appellee, Randal Wilson. On January 24, 1997, appellee filed a complaint against Mr. Prince, the unknown administrator of his estate and others for injuries he sustained in the accident (Case No. 97CV133). On August 21, 1997, appellant, Barbara Prince, as administratix of the estate of David J. Prince, intervened in the action and filed a complaint for wrongful death against appellee therein. On August 14, 1998, appellant filed a notice of voluntary dismissal without prejudice on her wrongful death complaint. On December 15, 1998, appellant refiled her complaint for wrongful death (Case No. 98CV740). On January 26, 1999, the trial court filed a notice of dismissal on appellee's original complaint as the case was reported settled. The final dismissal entry was filed on February 1, 1999. On May 28, 1999, appellee filed a motion to dismiss/motion for summary judgment claiming appellant's complaint was barred under Civ.R. 13(A), compulsory counterclaims. By judgment entry filed July 8, 1999, the trial court granted said motion and dismissed appellant's complaint. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FROM ITS RULING THAT PLAINTIFF-APPELLANT'S WRONGFUL DEATH COMPLAINT WAS BARRED BY APPLICATION OF CIVIL RULE 13(A).
 I
Appellant claims the trial court erred in dismissing her complaint. We agree. Appellant voluntarily dismissed her intervening complaint for wrongful death under Civ.R. 41(A) and refiled it within the time allotted by the savings statute, R.C.2305.19. By judgment entry filed July 8, 1999, the trial court concluded appellant was barred by Civ.R. 13(A) from refiling her complaint as "the first lawsuit involved existing claims between opposing parties which arose out of the same occurrence." Civ.R. 13(A) states as follows: (A) Compulsory counterclaims A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.
In reaching its decision, the trial court relied on Rettig v. Koehler (1994), 68 Ohio St.3d 274, wherein the Supreme Court of Ohio held at paragraph one of the syllabus, "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." We find Rettig to be inapplicable sub judice. On January 24, 1997, appellee filed a complaint against Mr. Prince, his unknown adminstrator and others for injuries received in an automobile accident on January 12, 1997. See, Complaint attached to appellee's Motion to Dismiss/Motion for Summary Judgment as Exhibit A. On August 21, 1997, appellant filed an intervening complaint for wrongful death claiming appellee negligently operated his motor vehicle on January 12, 1997 resulting in Mr. Prince's death. See, Complaint attached to appellee's Motion to Dismiss/Motion for Summary Judgment as Exhibit F. The complaint was brought on behalf of Mr. Prince's parents, brothers, half-sister, maternal grandparents and other beneficiaries. This complaint was voluntarily dismissed on August 14, 1998. On December 15, 1998, appellant refiled the same complaint receiving a new case number. Thereafter, appellee's complaint was settled and dismissed. Clearly appellant had the right under the facts sub judice to refile her complaint and did so within time. Appellant refiled her complaint prior to the settlement and dismissal of appellee's complaint. Appellant's complaint was a viable complaint during settlement discussions and the subsequent dismissal of appellee's complaint. In the Release and Settlement Agreement signed by the parties on January 29, 1999, appellee agreed "the payment of consideration made hereunder does in no way affect the future bringing of any claim or claims by Barbara J. Prince as Administrator of the Estate of David J. Prince, Deceased, against the undersigned Randal R. Wilson or Shelly Wilson." See Release and Settlement Agreement attached to Appellant's Brief as Exhibit A. Furthermore, there was no admission of liability by appellant. Id. The "object and purpose of Civ.R. 13(A), viz., [is] to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters." Rettig at 278. In effect, "[f]ailure to assert a compulsory counterclaim pursuant to Civ.R. 13(A) constitutes res judicata." Lenihan v. Shumaker (May 6, 1987), Summit App. No. 12814, unreported. In the case sub judice, there has been no final judgment on the merits. The dismissal of appellant's complaint after the settlement and dismissal of appellee's complaint precluded appellant from seeking leave to file a counterclaim and in effect barred appellant from having her "day in court." Procedurally the better practice would have been to consolidate or join the two complaints. Since this was not done and appellee settled and dismissed his complaint acquiescing to further litigation by appellant, appellee cannot now argue compulsory counterclaim. Upon review, we find Civ.R. 13(A) does not apply sub judice. The trial court erred in dismissing appellant's complaint. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed and remanded.
By: Farmer, J. Gwin, P.J. and Hoffman, J. concur.