PRIMUS AUTO FINANCIAL SERV., Appellee,

v.

BROWN, Appellant, et al.

[Cite as *Primus Auto Financial Serv. v. Brown*, 163 Ohio App.3d 746, 2005-Ohio-5207.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040593.

Decided Sept. 30, 2005.

Weltman, Weinberg & Reis Co., L.P.A., and Charles L. Tate, for appellee.

Katz, Greenberger & Norton, L.L.P., and Stephen E. Imm, for appellant.

Per Curiam.

{¶ 1} In a single assignment of error, defendant-appellant/third-party plaintiff Torre Brown appeals from the entry of summary judgment in favor of plaintiff-appellee Primus Auto Financial Services. The issue is whether Brown may raise as a defense the fraud and misrepresentation of an automobile dealer in the finance company's action for a deficiency judgment when he failed to raise the defense as a compulsory counterclaim in the dealer's earlier action against him. Relying upon the Federal Trade Commission Holder Rule, Brown attempted to assert claims of fraud and misrepresentation by third-party defendants Jake Sweeney Chevrolet–Imports ("Jake Sweeney) and its employee, Scott Biddle, against Primus. Because Brown was barred from raising these compulsory

counterclaims against Jake Sweeney, he is also barred from asserting them against Primus.

{¶ 2} On November 13, 2001, Brown entered into a contract to purchase a 2000 Chevrolet Impala from Jake Sweeney for $16,785.24. Brown paid $1,000 to Jake Sweeney at the time of the purchase and made arrangements with Primus to finance the remainder of the purchase price. The contract with Jake Sweeney contained a clause stating that the front and back of the agreement "comprise the entire agreement" and that "no other agreement of any kind, verbal understanding or promise whatsoever will be recognized." Brown also signed a customer-delivery receipt that stated, "I agree that nothing has been promised to me that is not written on this [form]. I understand that no oral promise made by any representative of [Jake Sweeney] will be honored." The receipt contained the handwritten notation, "After Test Drive No Promises Have Been Made."

{¶ 3} That same day, Brown executed a promissory note and security agreement in favor of Primus to finance the Impala purchase in the amount of $15,785.24, at an annual interest rate of 22 percent. The note included the standard Federal Trade Commission notice, or "FTC Holder Rule," which stated, "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF."

{¶ 4} Brown had a change of heart and attempted to return the vehicle to Jake Sweeney. Brown ultimately defaulted on the promissory note. Primus exercised its contractual rights. It repossessed the Impala, sold it, and on March 28, 2003, brought this action to recover from Brown the outstanding balance on the note of $3,708.26 plus accrued interest.

{¶ 5} Brown failed to defend, and Primus was awarded a default judgment. Brown filed a motion to set aside the judgment, which the trial court granted on November 17, 2003. Now represented by counsel and with leave of the trial court, Brown filed an amended answer and third-party complaint on March 30, 2004. This filing alleged that third-party defendants Jake Sweeney and Biddle had fraudulently induced Brown to purchase the Impala by oral misrepresentations that Brown could return the car within 24 hours.

{¶ 6} In his single assignment of error, Brown now argues that the trial court erred in entering summary judgment in favor of Primus, because the FTC Holder Rule permitted Brown to raise against Primus the defense of Jake Sweeney's fraud and misrepresentation.

{¶ 7} The FTC Holder Rule, see Section 433.2(a), Title 16, C.F.R., is a preservation-of-claims-and-defenses clause that abrogates the holder-in-due-course doctrine to protect consumers when purchasing goods or services on

credit. See *Provident Bank v. Barnhart* (1982), 3 Ohio App.3d 316, 318, 3 OBR 370, 445 N.E.2d 746; see, also, *Williams v. ITT Financial Serv.* (June 25, 1997), 1st Dist. Nos. C–960234, 1997 WL 346137. The FTC Holder Rule "shifts the risk of seller misconduct to creditors who could [better] absorb the costs of misconduct." Saunders, The Increase in Predatory Lending and Appropriate Remedial Actions (2002), 6 N.C. Banking Inst. 111, 137; see, also, *Milchen v. Bob Morris Pontiac–GMC Truck* (1996), 113 Ohio App.3d 190, 195, 680 N.E.2d 698, citing *Maberry v. Said* (D.Kan.1995), 911 F.Supp. 1393, 1402. Thus, the holder of a retail installment contract, assigned under the FTC Holder Rule, "is subject to any claim or defense [the debtor] *could assert* against [the seller of an automobile], provided that the claim or defense is one 'arising out of' * * * or 'connected with' the original * * * transaction." (Emphasis added.) *Provident Bank v. Barnhart*, 3 Ohio App.3d at 318, 3 OBR 370, 445 N.E.2d 746. See, also, *Calvary, Invest., L.L.C. v. Vonderheide* (Nov. 9, 2001), 1st. Dist. No. C–010359, 2001 WL 1386190.

{¶ 8} But while the FTC Holder Rule subjects an assignee of a consumer contract to all the claims and defenses the consumer could have asserted against the seller, "there is no private right of action to enforce the FTC rule." Saunders, The Increase in Predatory Lending and Appropriate Remedial Actions, 6 N.C. Banking Inst. at 137; see, also, *Pratt v. N. Dixie Manufactured Housing, Ltd.*, 6th Dist. No. WD–02–054, 2003-Ohio-2363, 2003 WL 21040658, at ¶ 10, citing *Bartels v. Alabama Commercial College, Inc.* (S.D.Ga.1995), 918 F.Supp. 1565, 1570. By the express language of the notice, the claims or defenses to be raised against the assignee of the contract must be ones that the consumer "could assert" against the seller. Claims and defenses may be raised against the assignee, even where the seller of a defective automobile is insolvent, as long as the claims were asserted or could have been asserted against the seller. See, e.g., *Provident Bank v. Barnhart*, 3 Ohio App.3d at 317, 3 OBR 370, 445 N.E.2d 746.

{¶ 9} But Brown cannot assert a fraud or misrepresentation claim against Jake Sweeney because those claims are barred by the doctrine of res judicata. After Jake Sweeney was made a third-party defendant in this action, it moved for and was granted summary judgment on the grounds that Brown's fraud and misrepresentation claims should have been raised as compulsory counterclaims in a 2001 lawsuit brought against Brown by Jake Sweeney for $1,000.

{¶ 10} Brown's $1,000 check, which he had given to Sweeney at the time of the purchase, had been returned for insufficient funds. On May 13, 2001, Jake Sweeney brought suit against Brown in the Hamilton County Municipal Court in the case numbered 02CV–12576—the Sweeney action. In that case, Brown did not appear. On July 8, 2002, eight months before this action by Primus against

Brown, and 20 months before he first asserted a fraud claim against Jake Sweeney, the Hamilton County Municipal Court entered a default judgment against Brown in the Sweeney action. Brown does not allege that he asked for relief from Sweeney's judgment. See Civ.R. 60(B). Nor has Brown assigned as error the granting of summary judgment for Jake Sweeney in this action.

{¶ 11} Civ.R. 13(A) provides, "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." "All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." *Rettig Enters. v. Koehler*, 68 Ohio St.3d 274, 1994-Ohio-127, 626 N.E.2d 99, paragraph one of the syllabus.

{¶ 12} The purchase of the Impala was the common transaction or occurrence from which all the claims in these actions arose: Jake Sweeney's claim for the returned check; Primus's claim on the promissory note; and Brown's claims of fraud and misrepresentation against Jake Sweeney. To permit Brown now to assert his claims of fraud against Primus would defeat the purpose of Civ.R. 13(A) "to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matter." (Citations omitted.) *Rettig Enters. v. Koehler* (1994), 68 Ohio St.3d 274, 278, 626 N.E.2d 99.

{¶ 13} Upon reviewing the inferences to be drawn from the underlying facts set forth in the pleadings and affidavits in a light most favorable to Brown, we hold that no genuine issue of material fact remains to be litigated and that Primus was entitled to judgment as a matter of law. See Civ.R. 56(C); see, also, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The assignment of error is overruled.

{¶ 14} Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., GORMAN and PAINTER, JJ., concur.