**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0088n.06
Filed: February 2, 2006

**04-4188**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SUSAN A. SOLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| EVANS, ST. CLAIR & KELSEY, an Ohio | ) | SOUTHERN DISTRICT OF OHIO |
| partnership, and ROBERT B. ST. CLAIR, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY, GILMAN, and SUTTON, Circuit Judges.

PER CURIAM. The plaintiff, Susan Soler, appeals from the district court's order granting summary judgment to the defendants, the law firm of Evans, St. Clair & Kelsey and one of its attorneys, Robert B. St. Clair. Soler originally filed a law suit against the defendants in Ohio state court, alleging legal malpractice, breach of contract, and conversion in connection with their representation of her in two legal matters. That state court litigation spanned several years and spawned two trials and numerous appeals. At one point early in the state court proceedings, defendant St. Clair filed a counterclaim for legal fees due from the plaintiff, leading Soler to dismiss her complaint voluntarily. As a result of that dismissal, the trial judge refused to let the plaintiff raise her malpractice claim as an affirmative defense in the first trial in state court. She successfully appealed the

verdict in the defendant's favor, however, and at a second trial, when she was allowed to interpose the malpractice defense, the jury found in response to special interrogatories that Soler had sustained damages in an amount that exceeded the legal fees she owed defendant St. Clair. As a result, the trial court allowed a set-off but denied the plaintiff any recovery on the judgment, based on her voluntary dismissal of the malpractice claim against St. Clair. Soler did not appeal that ruling by the state court.

Instead, even before the state proceedings ended, the plaintiff filed an essentially identical suit for malpractice against the defendants in federal district court for breach of contract, negligence, legal malpractice, fraud and/or misrepresentation, and conversion. The district judge refused to entertain the complaint, however, concluding that the federal action was barred by principles of res judicata. Consequently, the district court granted summary judgment to the defendants and dismissed Soler's action with prejudice.

The plaintiff now appeals to this court and argues that res judicata, or claim preclusion, should not foreclose her resort to the federal judiciary because she did not have a "full and fair opportunity to litigate her claims" in state court. The district judge found, as a matter of law, that this argument was without merit, and we agree. The plaintiff's assertion that she did not have an *opportunity* to litigate her affirmative malpractice claims in Ohio state court is patently false. Indeed, Soler herself voluntarily dismissed her complaint against the defendants, leaving only St. Clair's counterclaim for unpaid fees before the state tribunal. It was thus the plaintiff's own actions that limited the recovery that

she could expect. If Soler disagreed with the trial court's ruling that prevented her from making a recovery at that time, she should have taken an appeal in state court. She did not. She cannot now be heard to complain about lost opportunities to litigate her claims. See generally Rettig Enter., Inc. v. Koehler, 626 N.E.2d 99 (Ohio 1994).

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order dated June 2, 2004.