[Cite as *Hunter Modular Homes v. Myers*, 2013-Ohio-5758.]


# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY


HUNTER MODULAR HOMES

      Plaintiff-Appellee

v.

STEVE MYERS

      Defendant-Appellant


Appellate Case Nos.    2013-CA-12/
                      2013-CA-13

Trial Court Case Nos.  2013-CVIT-244/
                      2013-CVIT-245

(Civil Appeal from Municipal Court)


. . . . . . . . . . .

## O P I N I O N

Rendered on the 27th day of December, 2013.

. . . . . . . . . . .


STEPHEN E. KLEIN, Atty. Reg. No. 0014351, 124 West Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

SAMUEL L. HUFFMAN, Atty. Reg. No. 00653572, 80 South Plum Street, Troy, Ohio 45373
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, Steve Myers, appeals from two judgments entered in Miami County Municipal Court, Small Claims Division, in favor of Plaintiff-Appellee, Hunter Modular Homes ("Hunter").  Myers contends that the trial court erred by retaining jurisdiction when the amount of the complaint and counterclaim exceeded the jurisdictional limit of the small claims court.  Myers further contends that the trial court erred in allowing Hunter's lay representative to present argument and submit evidence.  Finally, Myers contends that the trial court erred in not allowing him to proceed on his counterclaim.

{¶ 2}    We conclude that the trial court lacked subject matter jurisdiction over the case because the two claims against Myers arose from the same transaction, and the monetary amounts of those claims, combined, exceeded the jurisdiction of the small claims court.  We further conclude that the trial court erred by allowing Hunter's lay representative to present argument.  However, Myers waived this error by failing to object.  Finally, since the judgment is being reversed, any error in the court's failure to allow Myers to proceed on his counterclaim is moot.  On remand, Myers will be able to litigate his counterclaim.  Accordingly, the judgment of the trial court will be reversed and remanded for further proceedings.


I.   Facts and Course of Proceedings

{¶ 3}    In May 2012, Hunter and Myers entered into a contract for the construction of a modular home on property that Myers owned.   The home was intended to be used as a residence by Myers' elderly father.  The agreed-upon purchase price was $200,932, with $20,000 to be paid down, $150,000 to be paid on delivery of the modular home, and $30,932 to be paid on

completion of construction.

{¶ 4}   Due to delay in obtaining the State of Ohio's agreement to the blueprints, construction did not begin until October 2012.   By November 30, 2012, Myers had paid a total of $197,500, leaving approximately $3,432 unpaid.   Toward the end of the construction process, Myers asked that a heat pump be included.   There was a dispute at trial over whether this should have been covered by the original contract or was a legitimate addition.   However, on November 28, 2012, Myers signed a contract (described by Hunter as a contract addendum to the original contact), agreeing to pay Hunter $1,500 for installation of the heat pump.   Hunter installed the heat pump, but Myers never paid for it.   Thus, at the end of the contract, Myers owed Hunter approximately $4,500.

{¶ 5}   Hunter filed two separate small claims suits against Myers in February 2013. One suit was based on the $3,000 that was unpaid on the original contract, and the second suit was based on the $1,500 addendum.   Myers then filed counterclaims in each action, contending that Hunter failed to provide proper workmanship with respect to various items.   The cases were tried together, with testimony being elicited only from Thomas Crotinger, who signed the complaint on Hunter's behalf, and from Myers.

{¶ 6}   During the trial, the court initially expressed reservation about whether the jurisdictional limits of the small claims court had been exceeded.   Eventually, the court concluded that Hunter's claims were separate.   The court also stated that small claims court was not equipped to handle Myers' claim that he had signed the contract for the heat pump under duress.   In this regard, the court offered Myers an opportunity to continue the case and investigate removal of the action to another court.   When Myers declined, the court heard further

evidence and rendered judgment in favor of Hunter in both cases.

{¶ 7}     At trial, the court did not specifically issue a ruling on the counterclaims. However, in the judgment entries that were filed, the court awarded Hunter the amounts requested in the complaint, and also granted judgment to Hunter on the counterclaims.   Myers timely appealed from the judgments of the trial court.

## II.   Did the Trial Court Err in Exercising Jurisdiction?

{¶ 8}     Myers' First Assignment of Error states that:

The Trial Court Erred By Retaining Jurisdiction over the Claims When the Amount of Both Plaintiff's Complaint and Defendant's Counterclaim Exceeded the Jurisdictional Amount in Small Claims Court.

{¶ 9}     Under this assignment of error, Myers contends that the two claims involve the same facts, and that the amounts at issue, combined, exceed the jurisdiction of the small claims court.   Therefore, Myers argues that the trial court erred in proceeding with the case rather than transferring it to the regular civil docket of the municipal court.   In response, Hunter contends that the court's decision regarding the separate claims is not against the manifest weight of the evidence.   Hunter also argues that no motion to transfer was made, and that Myers waived this issue by electing to proceed after being given an opportunity to seek a transfer.

{¶ 10}     " 'Jurisdiction' means 'the courts' statutory or constitutional power to adjudicate the case." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).   (Other citation omitted.)     "The term encompasses jurisdiction over the subject matter

and over the person."   *Id*. (Citation omitted.)

{¶ 11}   The statutory jurisdiction of the small claims division is outlined in R.C. 1925.02(A)(1), which states that:

Except as provided in division (A)(2) of this section, a small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding three thousand dollars, exclusive of interest and costs.

{¶ 12}   As an initial matter, we conclude that Myers did not waive subject matter jurisdiction by electing to proceed with the case.   In *Pratts*, the Supreme Court of Ohio stressed that:

Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.   It is a "condition precedent to the court's ability to hear the case.   If a court acts without jurisdiction, then any proclamation by that court is void."   (Citations omitted.)   *Pratts* at ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

{¶ 13}   We also conclude that both of Hunter's claims against Myers arose from the same transaction, and their value should have been combined for purposes of the $3,000 jurisdictional threshold.   The Ohio Supreme Court has said that "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action."   *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St.3d 274, 626 N.E.2d 99 (1994), paragraph one of the syllabus.

{¶ 14}    In *Rettig*, the court also advocated the following method of deciding if claims arise from the same transaction:

> The "logical relation" test, which provides that a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts, can be used to determine whether claims between opposing parties arise out of the same transaction or occurrence. *Id.* at paragraph two of the syllabus.

{¶ 15}    In analyzing the issue, the trial court did not refer to a particular test; it simply stated that although the matters appeared to arise from the same transaction, they were separate. Our application of the test indicates otherwise.

{¶ 16}    Both claims arose from the construction of a home. Prior to completion of the construction, the parties entered into what Hunter's representative, himself, described as an addendum to the original contract, to add installation of a heat pump. Additionally, when Myers filed counterclaims to both small claims complaints, he attached the same document to each counterclaim. The document is a letter sent to Hunter, and raises issues about the quality of workmanship on the house as an apparent offset against the amounts that Hunter was attempting to collect. The list is extensive, and separate trials would involve significant duplication of time and effort by the court and the parties.

{¶ 17}    As an additional matter, the contractual claims are factually intertwined. Specifically, Myers contended that the $1,500 charge for the heat pump was improper because the heat pump had been part of the house project from the beginning. Although Hunter disputed

that fact, the claims are intertwined, and we fail to see any set of circumstances under which Hunter's two claims could be considered "separate." The amounts attributable to the contractual claims should have been combined, and exceeded the jurisdiction of the small claims court.

{¶ 18}   Accordingly, the First Assignment of Error is sustained.

### III.   Did the Trial Court Err in

### Allowing Plaintiff's Representative to Present Argument

### or Submit Evidence?

{¶ 19}   Myers' Second Assignment of Error states that:

The Trial Court Erred as a Matter of Law By Allowing Plaintiff's Claim to be Submitted or Its Representative to Present Argument or Submit Evidence.

{¶ 20}   Under this assignment of error, Myers contends that the trial court erred in letting Thomas Crotinger present argument and evidence for purposes of prosecuting Hunter's claims and defending against the Myers' claims. In this regard, Myers relies on R.C. 1925.17 and case authority interpreting the statute.

{¶ 21}   R.C. 1925.17 provides that:

A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant,

provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy.

**{¶ 22}** In *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio- 4107, 832 N.E.2d 1193, the Supreme Court of Ohio upheld the constitutionality of R.C. 1925.17 against claims that it infringed on the Supreme Court's power to regulate the practice of law. In this regard, the court stated that:

Rather than view R.C. 1925.17 as intruding on our authority to regulate the practice of law or our rule-making power, we see it as a mere clarification, stating that corporations may use small claims courts as individuals may, i.e., without attorneys, so long as their representatives do not otherwise act as advocates. *Id.* at ¶ 24.

**{¶ 23}** The court, thus, held that:

A layperson who presents a claim or defense and appears in small claims court on behalf of a limited liability company as a company officer does not engage in the unauthorized practice of law, provided that the individual does not engage in cross-examination, argument, or other acts of advocacy. *Pearlman* at syllabus.

**{¶ 24}** The Supreme Court of Ohio also stressed the statutory requirement that the individual representing the corporation be a bona-fide officer or salaried employee. *Id.* at ¶ 24, fn. 3.

**{¶ 25}** Thomas Crotinger is the individual who signed the complaint and appeared at

the trial on Hunter's behalf. Crotinger's status as either a bona-fide officer or salaried employee is not explicitly clear. Crotinger stated that he signed the contract on Hunter's behalf, and one would assume he is employed at the company in some capacity.

{¶ 26} Crotinger did not engage in cross-examination at the court's somewhat informal trial, but he did argue or advocate on behalf of the corporation. Compare *Sarcom, Inc. v. 1650 Indian Wood Circle, Ltd.*, 6th Dist. Lucas No. L-05-1115, 2005-Ohio-6139, ¶ 17 (concluding that lay employee did not improperly act as attorney, where she "prepared and filed appellee's complaint on its behalf. She also testified in court as appellee's agent. However, neither action constitutes advocacy. [The employee] did not argue, object, or cross-examine any witnesses.")

{¶ 27} In view of the Supreme Court's admonition in *Pearlman*, the trial court erred in allowing Crotinger to advocate or argue on behalf of Hunter. However, because Myers never objected to the error at trial, he waived any error. *See, e.g.*, *Myles v. Richardson*, 2d Dist. Montgomery No. 23186, 2009-Ohio-6394, ¶ 33.

{¶ 28} Based on the preceding discussion, the Second Assignment of Error is overruled.


IV. Did the Trial Court Err in Not Allowing

Defendant to Proceed on His Counterclaim?

{¶ 29} Myers' Third Assignment of Error states as follows:

The Trial Court Erred in Not Allowing Defendant to Proceed on its Counterclaim and Suggesting the Defendant Refile Its Claim in Another Court.

{¶ 30} Under this assignment of error, Myers contends that the trial court erred in

refusing to hear his counterclaims. At the hearing, the trial court expressed a belief that Myers' counterclaims exceeded the jurisdictional limits of the court, and suggested that Myers file an action in another court to proceed with these claims. We note that the trial court's written decisions also rendered judgment in favor of Hunter on the counterclaims, even though the court did not tell the parties at the hearing that it intended to take this action. Myers objects to the trial court's actions, contending that it subjects him to future potential defenses of collateral estoppel or res judicata.

{¶ 31} In view of the fact that we are reversing and remanding this case, the third assignment of error is moot. On remand, Myers will have the ability to try his counterclaims.


V. Conclusion

{¶ 32} Myers' First Assignment of Error is sustained, his Second Assignment of Error is overruled, and his Third Assignment of Error is moot. The judgment of the trial court is reversed, and this cause is remanded for further proceedings.


. . . . . . . . . . . .

FROELICH and HALL, JJ., concur.


Copies mailed to:

Stephen E. Klein
Samuel L. Huffman
Hon. Elizabeth S. Gutmann for Acting Judge Tom O. Merritt