DiBENEDETTO, Appellant and Cross Appellee,

v.

MILLER et al., Appellees and Cross-Appellants et al.

[Cite as *DiBenedetto v. Miller*, 180 Ohio App.3d 69, 2009-Ohio-6506.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–080325 and C–080402.

Decided Dec. 12, 2008.

Jim Rimedio, for appellant and cross-appellee.

Robert A. Klingler, for appellees and cross-appellants.

MARK P. PAINTER, Judge.

{¶ 1} Richard DiBenedetto sued Charles Miller and Keating Muething & Klekamp, P.L.L. ("KMK"), for legal malpractice. Because there was never a lawyer-client relationship, and because the case was time-barred in any event, the

trial court dismissed the case under Civ.R. 12(B)(6). The trial court was correct on both issues, so we affirm.

## I. The Original Transaction

{¶ 2} DiBenedetto bought a yacht. FirstMerit Bank financed the purchase. After a default, FirstMerit repossessed the yacht, but it later sold the yacht back to DiBenedetto with a new promissory note. Summer Street Capital Partners bought the note from FirstMerit.

{¶ 3} The second note contained a cognovit provision that stated, "[DiBenedetto] authorizes any attorney-at-law to appear in any court of record in the State of Ohio, * * * at any time * * * after the above sum becomes due, and waive the issuance and service of process and confess judgment against [DiBenedetto] in favor of any Lender of the Note."

{¶ 4} In the months before the principal came due on the note, DiBenedetto made one late payment, skipped two other monthly payments, and did not pay the balance when it became due. Summer Street repossessed the yacht. After it sold the yacht, Summer Street retained Miller and KMK to represent it in obtaining a deficiency judgment against DiBenedetto.

{¶ 5} Miller and KMK confessed judgment on behalf of DiBenedetto, in favor of Summer Street. The trial court entered judgment on November 9, 2005.

{¶ 6} About two months later, on January 11, 2006, DiBenedetto's attorney sent a 64–page fax to KMK, acknowledging that KMK had filed an answer confessing judgment against DiBenedetto. The fax requested that KMK withdraw the answer, agree to set aside judgment, and permit DiBenedetto to respond to the complaint. KMK declined.

{¶ 7} The case between DiBenedetto and Summer Street was eventually settled. DiBenedetto paid nothing to Summer Street for the deficiency. The settlement agreement released Summer Street and its agents from any liability.

## II. Malpractice Suit

{¶ 8} In February 2007, DiBenedetto sent an email to Miller and KMK to inform them that he planned to sue them for legal malpractice. DiBenedetto then sent a draft of a complaint in April 2007. In May 2007, DiBenedetto sent a letter explaining that Miller and KMK had actually represented DiBenedetto when they confessed judgment, and that the confessed judgment had caused DiBenedetto to forfeit counterclaims against Summer Street. DiBenedetto demanded $115,000 in damages and attorney fees.

{¶ 9} KMK warned DiBenedetto and his attorney that to pursue this claim would violate Civ.R. 11 and could lead to monetary sanctions, because the claim was time-barred and because Miller and KMK had not represented DiBenedetto.

{¶ 10} DiBenedetto sued KMK and Miller in June 2007. The trial court dismissed the case in March 2008. KMK and Miller moved for sanctions against DiBenedetto and his attorney. The court denied that motion.

### III.   Assignments of Error

{¶ 11} DiBenedetto now appeals, arguing that the trial court erroneously dismissed his case. He argues that Miller and KMK, by confessing judgment, had represented him and committed legal malpractice. He also disputes that his claim was time-barred.

{¶ 12} Miller and KMK also appeal, arguing that the trial court erred by not sanctioning DiBenedetto and his attorney.

### IV.   Dismissal was Appropriate

{¶ 13} We review Civ.R. 12(B)(6) dismissals de novo.[1] We construe all allegations in DiBenedetto's complaint as true, and in favor of DiBenedetto.

{¶ 14} R.C. 2323.13 authorizes an attorney to confess judgment against a debtor, if the attorney has a valid warrant to do so. The United States Supreme Court has determined that Ohio's cognovit statute is constitutional.[2] But no case that we have found has directly decided whether an attorney who confesses judgment on behalf of a debtor represents that debtor.

{¶ 15} We hold that when an attorney confesses judgment against a debtor in favor of a creditor under a cognovit provision of a contract, that attorney represents only the creditor. An attorney confessing judgment against a debtor does not represent that debtor—the attorney is only acting as authorized under both contract and the statute.

{¶ 16} In this case, Miller and KMK represented only Summer Street. Neither Miller nor KMK had an attorney-client relationship with DiBenedetto. Thus, there was no cause of action for legal malpractice.

{¶ 17} Furthermore, DiBenedetto filed the complaint beyond the limitations period. A legal malpractice claim must be filed within a year after the cause of action has accrued.[3] The limitations period starts when the client knows or should know that an injury has occurred related to deficient performance by an attorney.

---

1.  *Lambert v. Hartmann,* 178 Ohio App.3d 403, 2008-Ohio-4905, 898 N.E.2d 67, at ¶ 9.

2.  *D.H. Overmyer Co. v. Frick Co.* (1972), 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124.

3.  R.C. 2305.11(A).

{¶ 18} The trial court entered judgment on the cognovit provision on November 9, 2005. DiBenedetto should have known about this event. But DiBenedetto did not sue until June 2007. This was far past the one-year limitations period.

{¶ 19} Even if DiBenedetto did not immediately learn of the judgment, it is clear that he had retained his attorney by January 11, 2006, when the attorney sent the fax. From that point, DiBenedetto cannot possibly claim that he was unaware of any conceivable claim against Miller and KMK. With January 11, 2006, construed as the accrual date, the complaint still was filed well beyond the one-year limitations period. This assignment of error is overruled.

### V. Sanction

{¶ 20} We will not reverse a trial court's decision on a Civ.R. 11 motion for sanctions absent an abuse of discretion.[4] "An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude."[5] We cannot say that the trial court abused its discretion by refusing to sanction DiBenedetto and his attorney.

{¶ 21} For the foregoing reasons, we affirm the trial court's judgment.

Judgment affirmed.

SUNDERMANN, P.J., and DINKELACKER, J., concur.

---

4. *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966.

5. *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 305, 686 N.E.2d 238.