[Cite as *Cooper v. Westerville*, 2013-Ohio-4652.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| TIM H. COOPER | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CAE 02 0011 |
| CITY OF WESTERVILLE, OHIO, et al. | |
| | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No.  11 CVH 06 0735

JUDGMENT:    Dismissed

DATE OF JUDGMENT ENTRY:    October 21, 2013

APPEARANCES:

For Plaintiff-Appellant                        For Defendant-Appellant Treasurer

AMBROSE MOSES, III                     CAROL HAMILTON O'BRIEN
1900 Polaris Parkway, Suite 450        PROSECUTING ATTORNEY
Columbus, Ohio  43240                     CHRISTOPHER D. BETTS
                                                          ASSISTANT PROSECUTOR
                                                          140 North Sandusky Street
                                                          3rd Floor
                                                          Delaware, Ohio  43015

                                                          For Defendant-Appellant Commercial

                                                          SEAN A. MARTIN
                                                          BECK & MARTIN
                                                          102 East Findlay Street
                                                          Carey, Ohio  43316

*Wise, J.*

{¶1}  Appellant Tim H. Cooper appeals the decision of the Court of Common Pleas, Delaware County, which granted summary judgment and/or judgment in favor of Appellee Commercial Savings Bank and Appellee Delaware County Treasurer in an action by appellant challenging certain real estate tax assessments. The relevant facts leading to this appeal are as follows.

{¶2}  In 2005, Appellant Cooper purchased two commercial real estate parcels (hereinafter collectively "the property") located on Office Parkway in Westerville, Delaware County, Ohio. The first parcel is identified as number 317-334-03-004-502, located at 612 Office Parkway, Unit A, Westerville, Ohio. The second parcel is identified as number 317-334-03-004-503, located at 612 Office Parkway, Unit B, Westerville, Ohio.

{¶3}  Appellant's purchase was secured by a mortgage through Appellee Commercial Savings Bank. Appellant maintains that one of the incentives that originally persuaded him to enter the real estate purchase contract was that a portion of the real estate taxes would be abated or exempted. Appellant thereafter owned the property from 2005 until 2013.

{¶4}  On June 23, 2011, appellant filed a civil complaint in the Delaware County Court of Common Pleas against the City of Westerville, Office Park LLC (both as an Ohio and a Delaware limited liability company), Appellee Commercial Savings Bank, and others, alleging deprivation of his constitutional rights under 42 U.S.C. 1983, fraud, breach of contract, promissory estoppel, tortious interference with contract, and misrepresentation. According to appellant, this followed events in 2010 wherein the

City of Westerville represented to the Delaware County Auditor that appellant was delinquent on "payment in lieu of tax" (PILOT) fee payments, that his tax exemption was revoked, and that the unpaid PILOT fees were to be assessed as delinquent real estate taxes against the property.

**{¶5}** On July 18, 2011, appellant filed an amended complaint against the City of Westerville, Office Park LLC (both as an Ohio and a Delaware limited liability company), Appellee Commercial Savings Bank, and others, alleging deprivation of his constitutional rights under 42 U.S.C. 1983, fraud, breach of contract, promissory estoppel, tortious interference with contract, misrepresentation, and abuse of process.

**{¶6}** Neither the Delaware County Treasurer nor the Delaware County Auditor were named as parties in the original complaint or amended complaint. On December 15, 2011, Appellee Delaware County Treasurer was granted leave to intervene in the case.

**{¶7}** On March 14, 2012, appellant filed a second amended complaint against the City of Westerville, Office Park LLC (both as an Ohio and a Delaware limited liability company), Appellee Commercial Savings Bank, and Attorney Charles L. Bartholomew, alleging deprivation of his constitutional rights (citing Article I of the Ohio Constitution), negligence, fraud, breach of contract, promissory estoppel, tortious interference with contract, misrepresentation, abuse of process, civil conspiracy, and mutual mistake.

**{¶8}** Following trial court rulings in regard to the various responsive pleadings and counterclaims, which we need not recite herein, the following claims remained as of April 18, 2012:

{¶9} (1) Appellant's claims against Appellee Commercial Savings Bank under the second amended complaint; (2) Appellee Commercial Savings Bank's counterclaim against appellant filed November 22, 2011, based on the note and mortgage; and (3) Appellee Delaware County Treasurer's counterclaim against appellant filed December 20, 2011, based on alleged taxes, interest, and penalties.

{¶10} On August 6, 2012, Appellee Commercial Savings Bank filed a motion for summary judgment. On September 6, 2012, appellant dismissed all of his claims against Appellee Commercial Savings Bank; however, the bank's counterclaim remained. Via a judgment entry filed January 23, 2013, the trial court granted summary judgment in favor of Appellee Commercial Savings Bank on said counterclaim. This left only Appellee Delaware County Treasurer's counterclaim against appellant, which the court had previously scheduled for trial.

{¶11} On January 23, 2013, following a bench trial, the trial court issued a judgment entry in favor of Appellee Delaware County Treasurer on his counterclaim, granting foreclosure on a lien for real estate taxes and the current and delinquent real estate taxes due in regard to the property at issue.

{¶12} Appellant filed a notice of appeal on February 21, 2013. He herein raises the following three Assignments of Error:

{¶13} "I. WHERE THE CITY OF WESTERVILLE, OHIO ORDERED COOPER TO GIVE THE CITY A PAYMENT IN LIEU OF TAX (PILOT FEE) PURSUANT TO A R.C. 3735.671 COMMUNITY REINVESTMENT AREA AGREEMENT TO WHICH COOPER WAS NOT A PARTY; THEN FAILED TO PROVIDE COOPER WITH NOTICE REQUIRED BY R.C. 3735.68 THAT THE TAX EXEMPTION WAS

REVOKED; THEN FAILED TO GIVE COOPER NOTICE OF HIS R.C. 3735.70 APPEAL RIGHTS; THEN CERTIFIED TO THE DELAWARE COUNTY AUDITOR THAT THE UNPAID PILOT FEES WERE NOW A DELINQUENT TAX TO BE ASSESSED UPON COOPER'S REAL ESTATE IMPROVEMENTS, IT WAS A DENIAL OF DUE PROCESS AND ERROR FOR THE COURT OF COMMON PLEAS FOR DELAWARE COUNTY TO ENTER A JUDGMENT IN FAVOR OF THE COUNTY TREASURER AGAINST COOPER FOR THAT PORTION OF THE ALLEGED UNPAID TAXES THAT BEGAN AS A PILOT FEE PURSUANT TO A R.C. 3735.671 COMMUNITY REINVESTMENT AREA AGREEMENT TO WHICH COOPER WAS NOT A PARTY.

{¶14} "II. WHERE THE PROPERTY OWNER CHALLENGES THE VALIDITY OF AN ALLEGED REAL ESTATE TAX OBLIGATION THAT PURPORTEDLY AROSE FROM A R.C. 3735.671 COMMUNITY REINVESTMENT AREA AGREEMENT TO WHICH THE PROPERTY OWNER WAS NOT A PARTY, THE TRIAL COURT ERRED AND DENIED THE PROPERTY OWNER DUE PROCESS WHEN THE COURT *SUA SPONTE* JOINED THE COUNTY TREASURER INSTEAD OF THE COUNTY AUDITOR AS A PARTY IN THE CASE.

{¶15} "III. WHERE A NOTE IS AMBIGUOUS BECAUSE IT CONTAINS TWO DIFFERENT LOAN AMOUNTS AND THE PARTIES WERE MUTUALLY MISTAKEN AS TO THE AMOUNT OF THE LOAN TRANSACTION, THE TRIAL COURT ERRED IN GRANTING DEFENDANT BANK'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE EXISTS A GENUINE ISSUE AS TO A MATERIAL FACT AND THE BANK IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."

I., II., III.

{¶16} In his Assignments of Error, appellant argues the trial court committed reversible error in allowing the intervention of and awarding judgment in favor of the Delaware County Treasurer, and in granting summary judgment in favor of Commercial Savings Bank on its counterclaim.

{¶17} As an initial matter, we note appellees assert in their briefs that on April 1, 2013, before appellant filed his brief in this matter, appellant sold the property at issue (prior to the scheduled date for a sheriff sale under the foreclosure) and the real estate taxes were paid in full as a result. Furthermore, the judgment in favor of the bank against appellant was fully satisfied. Appellant did not seek a stay of the judgment and did not post bond in regard to any potential stay. Appellant has not filed a reply brief in this appeal challenging the veracity of the aforesaid recitation of these post-judgment events. Generally, "a satisfaction of judgment renders an appeal from that judgment moot." *Spencer v. Kiowa Developing Co., Inc.* (Jan. 5, 2000), Summit App. Nos. 19524, 19532, quoting *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 245. We have held, in the related context of an order confirming a judicial sale, that "[w]ithout a stay order and/or bond, the property can legally be transferred to the purchasers and the proceeds can be used to satisfy the debts against the property." *Meadow Wind Health Care Center, Inc. v. McInnis*, 5th Dist. Stark No. 2002CA00319, 2003-Ohio-979, ¶ 7.

{¶18} Upon review, we find the issues raised in Appellant's First, Second, and Third Assignments of Error are now moot, and we are thus compelled to dismiss the present appeal.

{¶19} For the reasons stated in the foregoing, the appeal of the decision of the Court of Common Pleas, Delaware County, Ohio, is dismissed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

_____
HON. JOHN W. WISE

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

JWW/d 0911

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


TIM H. COOPER                              :
                                          :
        Plaintiff-Appellant               :
                                          :
-vs-                                      :           JUDGMENT ENTRY
                                          :
CITY OF WESTERVILLE, OHIO, et al.         :
                                          :
        Defendants-Appellees             :           Case No. 13 CAE 02 0011


        For the reasons stated in our accompanying Memorandum-Opinion, the appeal

of the judgment of the Court of Common Pleas of Delaware County, Ohio, is dismissed.

        Costs assessed to appellant.



                                          _____
                                          HON. JOHN W. WISE


                                          _____
                                          HON. WILLIAM B. HOFFMAN


                                          _____
                                           HON. PATRICIA A. DELANEY