[Cite as *Cooper v. Commercial Sav. Bank*, 2015-Ohio-4131.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

TIMOTHY H. COOPER,

    PLAINTIFF-APPELLANT,

    v.

COMMERCIAL SAVINGS BANK, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 16-14-04

O P I N I O N

TIMOTHY H. COOPER,

    PLAINTIFF-APPELLANT,

    v.

COMMERCIAL SAVINGS BANK, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 16-14-08

O P I N I O N

Appeal from Wyandot County Common Pleas Court
Trial Court No. 13-CV-0119

Judgment in 16-14-04 Affirmed
Judgment in 16-14-08 Affirmed in Part, Reversed in Part

Date of Decision:  October 5, 2015

APPEARANCES:

    *Ambrose Moses, III* for Appellant

*John C. Nemeth* **for Appellees Commercial Savings Bank and Sean Martin**

*Rick Marsh* **for Appellee Charles Bartholomew**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Timothy Cooper ("Cooper") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County granting summary judgment to defendants-appellees Commercial Savings Bank ("CSB"), Sean Martin ("Martin"), Charles Bartholomew ("Bartholomew"), and two sets of John Doe attorneys (collectively known as "Appellees"). For the reasons set forth below, the judgment in 16-14-04 is affirmed, the judgment in 16-14-08 is affirmed in part and reversed in part.

{¶2} On August 18, 2005, Cooper borrowed $334,175.00 from CSB to purchase two commercial real estate parcels and signed a note payable to the bank. *Cooper v. Westerville,* 5th Dist. Delaware No. 13 CAE 02 0011, 2013-Ohio-4652. The note included the language required by R.C. 2323.13(D) to provide for a "warrant of attorney to confess judgment." Although the note does not indicate where it was signed, the parties agree that it was signed in Franklin County, Ohio, at a branch of CSB. Cooper Affidavit, ¶ 10-11. At all relevant times, Cooper was a resident of Delaware County, Ohio. *Id*. at ¶9. The real property that is the subject of the mortgage was located in Delaware County and the mortgage was recorded in Delaware County.

{¶3} On June 23, 2011, Cooper filed a complaint against the City of Westerville and other defendants, including CSB, in Delaware County. *Cooper,* at ¶4. An amended complaint was then filed on July 18, 2011. *Id.* at ¶5. A second amended complaint was filed on March 14, 2012. *Id.* at ¶ 7. On November 22, 2011, CSB filed a counterclaim against Cooper alleging that he had failed to make payments as required by the note. *Id.* at ¶9. CSB subsequently filed for summary judgment on its counterclaim. *Id.* at ¶10. On January 23, 2013, the trial court in that case granted summary judgment to CSB. *Id.* Cooper appealed from that judgment challenging the granting of summary judgment to CSB among other things. *Id.* at ¶16. However, the appeal was rendered moot when Cooper sold the real estate and paid off the judgment. *Id.* at ¶18.

{¶4} On July 7, 2011, while the other case was pending in Delaware County, CSB filed a complaint with Cooper as the defendant for judgment on the note. Doc. 28 at 2. Martin was the attorney for CSB during this case. Doc. 1 at 3. Bartholomew was the confessing attorney who "filed an answer confessing judgment against Cooper" based upon the cognivit note. *Id.* The trial court granted judgment in favor of CSB on the note on July 11, 2011. Doc. 28 at 4. On July 15, 2011, Cooper filed a motion for relief from judgment pursuant to Civ.R. 60(B). *Id.* at 5. The trial court granted the motion on August 5, 2011, vacated the cognovit judgment, and dismissed the case. *Id.*

{¶5} On December 16, 2013, Cooper filed a complaint against Appellees. Doc. 1. The complaint alleged that all parties had engaged in abuse of the legal process, negligence, breach of statutory duty, civil conspiracy, misrepresentation, fraud, and malicious civil prosecution. Doc. 1. Cooper also alleged that R.C. 2323.13 was unconstitutional as applied to him and other similarly situated persons.[1] Doc. 1. CSB and Martin filed answers to the complaint on January 3, 2014. Doc. 5 and 6. Bartholomew filed his answer on January 10, 2014. Doc. 7. On January 24, 2014, Bartholomew filed a motion for summary judgment. Doc. 8.

{¶6} On February 27, 2014, Cooper filed a motion for leave to amend his complaint. Doc. 15. Martin and CSB filed motions in opposition to the motion on March 17, 2014. Doc. 17. A supplemental memorandum in opposition was filed on March 19, 104. Doc. 19. On March 21, 2014, Martin and CSB filed their motions for summary judgment. On April 23, 2014, Cooper filed a response to all the motions for summary judgment. Doc. 25. Bartholomew then filed on May 2, 2014, a motion to strike the response to his motion as being untimely. Doc. 26. On May 5, 2014, CSB filed a reply to Cooper's response to its motion for summary judgment. Doc. 27. On June 3, 2014, the trial court entered judgment granting summary judgment to Appellees. Doc. 28. A nunc pro tunc entry to the June 3, 2014, entry was filed on June 9, 2014. Doc. 29. On July 2, 2014, Cooper

---

[1] Cooper also requested that the complaint be certified as a class action lawsuit. Doc. 1.

filed his notice of appeal from this judgment. Doc. 32. This was assigned Appellate Case Number 16-14-04.

{¶7} Prior to the filing of the notice of appeal, CSB and Martin filed motions for sanctions against Cooper. Doc. 30. Bartholomew filed his motion for sanctions against Cooper on June 23, 2014. Doc. 31. The above appeal was stayed pending the ruling on these motions. App. R. 4(B)(2). On July 7, 2014, Cooper filed memorandum contra to the motions for sanctions. Doc. 35. A hearing was held on the motions on November 4, 2014. Tr. 1. On November 20, 2014, the trial court ordered that sanctions in the amount of $5,801.00 to CSB, $5,765.00 to Martin, and $32,138.00 to Bartholomew. Doc. 61. The notice of appeal from this judgment was filed on December 10, 2014. Doc. 67. This appeal was assigned case number 16-14-08. On January 14, 2015, this court ordered that the two appeals would be consolidated for the purpose of briefing and oral arguments. Cooper raises the following assignments of error on appeal.

**First Assignment of Error**

**Civil Rule 15(A) provides that the court shall freely give leave to amend when justice so requires. Cooper moved the court for leave. The trial court erred when it did not freely give Cooper leave to amend his complaint to add third-party beneficiary claims, negligence per se, and other claims he had overlooked in filing his original complaint approximately 2 ½ months earlier.**

**Second Assignment of Error**

**The trial court erred in granting summary judgment in favor of [CSB] on the basis of *res judicata* when the transactions and**

**occurrences in this case are different than those that are the subject matter of CSB's mortgage foreclosure.**

**Third Assignment of Error**

**The trial court erred in granting summary judgment in favor of [Martin] (as a Creditor's Attorney) and [Bartholomew] (as a Confessing Attorney) on the basis of attorney immunity when there is evidence of malice.**

**Fourth Assignment of Error**

**The trial court erred and abused its discretion imposing Rule 11 and/or R.C. 2323.51 sanctions upon [Moses] and [Cooper] for alleged frivolous conduct when [sic].**

{¶8} In the first assignment of error, Cooper alleges that the trial court erred by not allowing him to amend his complaint.

**A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires. * * ***

Civ.R. 15(A). The decision to grant or deny a motion for leave to amend a pleading is within the sound discretion of the trial court. *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999). "While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

-6-

{¶9} The record in this case indicates that the complaint was filed on December 16, 2013. Doc. 1. The answers were filed on January 3, 2014 (CSB and Martin) and January 10, 2014 (Bartholomew). Cooper filed his motion to amend the complaint on February 27, 2014, which is outside of the twenty-eight days allowed by the rule. The basis for the request was that it was "an important class action case" and had only been pending for two and a half months. Doc. 15. All of the defendants objected to the motion to amend the complaint. Doc. 19, 20. Thus, the only way the complaint could be amended was through leave of the court.

{¶10} Cooper argues that the trial court erred by not granting leave to amend because the civil rules requires leave be freely given when justice so requires. Cooper claims that the amendment should have been permitted because 1) he had overlooked a third-party beneficiary claim; 2) he wanted to clarify factual allegations more precisely; and 3) he wanted to more clearly set forth elements of a class action claim. This court notes as to the third claim that although Cooper requested that this case be certified as a class action suit, no certification occurred. As to the wishing to further clarify the factual claims, Cooper had the ability to do so in response to summary judgment, thus it was not necessary for the purposes of the complaint. This leaves one claim – the third-party beneficiary claim that was overlooked.

{¶11} Cooper claims that he was an intended beneficiary of the contract between CSB and Martin to sue him on cognovit note. This court has no idea on what legal premise a defendant in a case would think he is an intended beneficiary of a contract between the plaintiffs and their attorney who are filing suit against him. Cooper has not cited to any authority for this premise and we do not find any through our own review of statutes and case law in Ohio. As to Bartholomew, CSB did hire him to confess judgment pursuant to the cognovit note on Cooper's behalf.[2] However, the argument raised by Cooper as it relates to Bartholomew in the motion to amend his complaint is the same as that raised in the second claim for relief in the original complaint, it is just titled differently. Cooper claimed in the original complaint that Bartholomew breached his duty as an attorney to take reasonable steps. It was not necessary to amend the complaint to get that claim before the trial court. Cooper has not shown how he suffered any prejudice from the trial court's decision and this court does not see any upon review of the record.[3] Therefore, the trial court did not abuse its discretion in denying the motion to amend the complaint. The first assignment of error is overruled.

{¶12} The second and third assignments of error both claim that the trial court erred in granting summary judgment to Appellees.

---

[2] Bartholomew was not hired to represent Cooper's interests as Cooper's attorney, but rather to review the note and the surrounding facts to determine if judgment should be confessed as set forth in R.C. 2323.19.
[3] Although the cognovit note and warrant were filed in Wyandot County and judgment was granted, that judgment was quickly vacated when the improper venue was discovered. Additionally, there is no dispute that Cooper had not been paying the money owed on the debt. See *Cooper v. Westerville, supra.*

An appellate court reviews a trial court's summary judgment decision de novo, independently and without deference to the trial court's decision. *Ohio Govt. Risk Mgt. Plan v. Harrison*, **115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, at ¶ 5, citing** *Comer v. Risko*, **106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 8. Summary judgment is appropriate only "when the requirements of Civ.R. 56(C) are met."** *Adkins v. Chief Supermarket*, **3d Dist. No. 11-06-07, 2007-Ohio-772, at ¶ 7. The party moving for summary judgment must establish: (1) that there are no genuine issues of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Id., citing Civ.R. 56(C);** *Horton v. Harwick Chem. Corp.* **(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, at paragraph three of the syllabus. In ruling on a motion for summary judgment, a court may not "weigh evidence or choose among reasonable inferences * * *."** *Id.*, **at ¶ 8, 653 N.E.2d 1196, citing** *Jacobs v. Racevskis* **(1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653. Rather, the court must consider the above standard while construing all evidence in favor of the non-movant.** *Jacobs*, **at 7, 663 N.E.2d 653.**

The party moving for summary judgment must identify the basis of the motion to allow the non-movant a "meaningful opportunity to respond." *Mitseff v. Wheeler* **(1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. In its motion, the moving party "must state specifically which areas of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C)."** *Id*. **at 115, 526 N.E.2d 798, citing** *Harless v. Willis Day Warehousing Co.* **(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, citing** *Hamlin v. McAlpin Co*. **(1964), 175 Ohio St. 517, 519-520, 196 N.E.2d 781;** *Dresher v. Burt* **(1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If the moving party fails to meet its burden, summary judgment is inappropriate; however, if the moving party meets its initial burden, the non-moving party has a "reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *."** *Dresher,* **at 294, 662 N.E.2d 264.**

*Lillie v. Meachem*, 3d Dist. Allen No. 1-09-09, 2009-Ohio-4934, ¶21-22.

{¶13} Cooper argues in the second assignment of error that there was a material issue of fact which precluded granting summary judgment to CSB. However, in support of that argument, Cooper merely claims that "this case goes to the integrity of the civil legal system". Appt.'s Brief, 11. At no time does Cooper provide this court with any guidance as to what he believes the issues of material fact to be. This court notes that the issue of whether Cooper owed money to CSB on the note was raised in the Delaware County case.

> **(A) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading, the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of who the court cannot acquire jurisdiction.**

Civ.R. 13. The requirement that a compulsory counterclaim be filed also applies to a plaintiff if a defendant raises a counterclaim. *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St.3d 274, 278, 626 N.E.2d 99 (1994). "Civ.R. 13(A) requires all existing claims between opposing parties that arise out of the same transaction or occurrence to be litigated in a single lawsuit, regardless of which party initiates the lawsuit." *Id.* Pursuant to the "logical relation" test, "[a] compulsory counterclaim is one which 'is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial

duplication of effort and time by the parties and the courts.'" *Id*. (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (C.A.3, 1961)). There is a two-prong test for determining whether a counterclaim is compulsory or permissive. "The two-pronged test for applying Civ.R. 13(A) is: (1) does the claim exist at the time of serving the pleading * * *; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim." *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14, 457 N.E.2d 827 (1984).

{¶14} Here, the claims raised by Cooper against CSB did not exist upon the filing of the initial complaint in Delaware County on June 23, 2011. However, those causes of action did exist as of July 11, 2011, when the trial court granted the motion for judgment on the cognovit note. On July 18, 2011, Cooper filed an amended complaint in the Delaware County case adding Bartholomew as a defendant and stating a cause of action against CSB for obtaining a judgment in the wrong court. Doc. 28 at 3. CSB filed its counterclaim against Cooper for judgment on the cognovit note in November of 2011. *Id.* at 5. In response to CSB's counterclaim, Cooper filed an answer and a counterclaim of his own asserting additional causes of action. *Id.* On March 14, 2012, Cooper filed a second amended complaint in the Delaware County Case. *Id.* The new complaint alleged that CSB and Bartholomew had "conspired to obtain a cognovit judgment against Cooper in the wrong county" and that the behavior was "willful, malicious,

oppressive and/or reckless." *Id*. at 6. On April 18, 2012, Cooper voluntarily dismissed his counterclaim and dismissed all claims against all parties in the case except CSB. *Id*. Cooper later dismissed all claims against CSB. *Id*. Based upon the undisputed evidence before the trial court, the claims against CSB were known before the second amended complaint was filed, as shown by the fact that Cooper raised those issues in the amended complaint. Thus, the first prong of the test is satisfied. The claims arose from the collection of the debt, which was the basis of the counterclaim filed by CSB in the Delaware County Case. Thus, the second prong of the test is satisfied. Since both prongs of the test were satisfied, the claims are compulsory in nature and should have been adjudicated in the Delaware County Case. The facts show that the claims were brought in the Delaware County Case, but Cooper voluntarily withdrew them, choosing not to proceed. Pursuant to the doctrine of *res judicata*, these claims cannot be brought in this case when they should have been brought in an earlier case. *Rettig Enterprises, supra* and Civ.R. 13(A). Therefore, the trial court did not err in granting summary judgment to CSB. The second assignment of error is overruled.

{¶15} Pursuant to the third assignment of error, Cooper alleges that the trial court erred in granting summary judgment to Martin and Bartholomew on the basis of attorney immunity. "An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or

the attorney acts maliciously." *Scholler v. Scholler*, 10 Ohio St.3d 98, 462 N.E.2d

158 (1984), paragraph one of the syllabus

> **[W]hen an attorney confesses judgment against a debtor in favor of a creditor under a cognovit provision of a contract, that attorney represents only the creditor. An attorney confessing judgment against a debtor does not represent that debtor—the attorney is only acting as authorized under both contract and the statute.**

*DiBenedetto v. Miller*, 180 Ohio App.3d 69, 2008-Ohio-6506, ¶ 15, 904 N.E.2d

554 (1st Dist.).

{¶16} Initially, this court notes that Cooper failed to file a timely

memorandum in opposition to Bartholomew's motion for summary judgment.

Bartholomew stated in his affidavit attached to his motion for summary judgment

that he had never represented Cooper. Doc. 8, Ex. A at 2. Bartholomew also

alleged that he had no personal knowledge that Wyandot County was an

inappropriate venue for the case. *Id*. According to the affidavit, Bartholomew

"did not conspire with anyone to deprive [Cooper] of any rights nor did

[Bartholomew] in any way abuse process or sign the cognovit judgment with an

ulterior motive or have any malice to [Cooper], whom [Bartholomew] did not

know." *Id*. Bartholomew indicated that he only signed the confession of

judgment "because it appeared to be correct" based upon the information he had

reviewed. *Id.*

{¶17} As discussed above, there is no doubt that Martin did not represent Cooper as he was the attorney for CSB. Martin filed his motion for summary judgment on March 21, 2014. Doc. 21. Attached to the motion was Martin's affidavit in which he stated that had "never given legal representation to [Cooper] and [had] never been his lawyer." *Id.*, Ex. A at 1. Martin stated that he "acted in good faith with no fraudulent intent whatsoever, I acted simply as a lawyer performing duties for my client, [CSB]." *Id.* at 2.

{¶18} No evidence was presented by Cooper that Bartholomew or Martin represented him in any capacity or that Cooper acted with malice. Cooper merely alleges in his affidavit that he believes Bartholomew and Martin acted with malice merely because the case was filed in the wrong county. "[I]t is well settled that a party may not simply use a self-serving affidavit to establish a genuine issue of material fact if such an affidavit contains nothing more than bare contradictions of other competent evidence and a conclusory statement of law." *Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902, ¶ 30, 935 N.E.2d 70 (10th Dist.). While the evidence is undisputed that the case was originally wrongfully filed in Wyandot County, there is no evidence to show that this was done with a malicious intent, rather than a mere mistake. The only evidence before the trial court was that the case was mistakenly filed in the wrong county, when the

mistake was discovered it was corrected without dispute,[4] and Bartholomew claims it was a mistake. Since neither Bartholomew nor Martin represented Cooper, there was no privity. The undisputed evidence is that Bartholomew acted in good faith when he signed the confession of judgment and did not act maliciously towards Cooper. Likewise, the undisputed evidence is that Martin acted in good faith as well. Thus, Bartholomew and Martin were entitled to immunity from liability regarding claims Cooper might have. The trial court did not err in granting Bartholomew's and Martin's motions for summary judgment. The third assignment of error is overruled.

{¶19} Finally, Cooper alleges that the trial court erred in imposing sanctions. CSB, Martin and Bartholomew had filed for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. Civil Rule 11 states in pertinent part as follows:

> **The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.**

Civ.R. 11. R.C. 2323.51 provides for sanctions for frivolous conduct in civil actions.

---

[4] No one alleges that CSB, Martin, or Bartholomew opposed the motion for reconsideration or the dismissal of the claim once the error was discovered. Instead, the record shows that CSB merely filed for judgment as a counterclaim in the Delaware County Case.

**(2) "Frivolous conduct" means either of the following:**

**(a) Conduct of an inmate or other party to a civil action * * * or of the inmate's or other party's counsel of record that satisfies any of the following:**

**(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.**

**(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.**

**(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.**

**(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on information or belief.**

R.C. 2323.51(A)(2). "Whether conduct is frivolous is a question of law that an appellate court independently reviews." *Burchett v. Larkin*, 192 Ohio App.3d 418, 2011-Ohio-684, ¶ 22, 949 N.E.2d 516 (4th Dist.). However, once frivolous conduct is found, the decision to award attorney fees is reviewed pursuant to an abuse of discretion standard. *Id.* Courts must be careful in finding frivolous conduct in order to avoid deterring legitimate claims. *Id.* at ¶ 20.

**[An action] is not frivolous merely because a claim is not well-grounded in fact. *Richmond Glass & Aluminum Corp. v. Wynn* (Sept. 5, 1991), Columbiana App. No. 90–C–46, [1991 WL 172902, at \*2]. Furthermore, the statute was not intended to**

> **punish mere misjudgment or tactical error.** *Turowski v. Johnson* **(1991), 70 Ohio App.3d 118, 123 [590 N.E.2d 434], quoting** *Stephens v. Crestview Cadillac* **(1989), 62 [64] Ohio App.3d 129, 134 [580 N.E.2d 842]. Instead, the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action.** *Turowski v. Johnson* **(1990), 68 Ohio App.3d 704, 706 [589 N.E.2d 462].**
>
> **Whether a claim is warranted under existing law is an objective consideration.** *Lewis v. Celina Fin. Corp.* **(1995), 101 Ohio App.3d 464, 473 [655 N.E.2d 1333], citing** *Ceol v. Zion Indust. Inc.* **(1992), 81 Ohio App.3d 286, 291 [610 N.E.2d 1076]. The test, we find, is whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.**

*Hickman v. Murray*, 2d Dist. Montgomery No. CA 15030, 1996 WL 125916 (Mar. 22, 1996). When a reasonable inquiry by counsel would reveal the inadequacy of a claim, a finding that counsel has engaged in frivolous conduct is justified. *Burchett, supra* at ¶21.

{¶20} On appeal, two issues with the award of attorney fees as sanctions are alleged. First it is argued that the trial court did not comply with the requirements of R.C. 2323.51(A) because it placed the burden on Cooper and Moses to show that the claims were not frivolous rather than requiring the moving parties to show that the claims were frivolous. Appellant claims that the Appellees put forth no evidence as to what specific conduct was frivolous. A review of the record indicates that Moses was the first witness to testify about the case and then Appellees presented the testimony of witnesses regarding the fees. Although there

may not be voluminous testimony to consider, there is evidence in the record that indicates that Cooper and Moses proceeded with the case without first determining that there was a basis for bringing the claim. The testimony was that Moses attempted to determine if CSB had improperly obtained judgment on cognovit notes against other people, however no response was received from the potential plaintiffs. Despite this lack of confirmation, Moses and Cooper attempted to file a class action suit without any evidence that more than one plaintiff was affected. Throughout his testimony, Moses presented no evidence that he had performed a reasonable inquiry into the claims listed in the complaint. Moses also raised claims against CSB that he knew or should have known were barred by the doctrine of *res judicata.* As to the claims against Martin and Bartholomew, Moses had no other evidence of malice than the fact that the original case was filed in the wrong court. Although malice can be inferred from the facts, one mistake is hardly evidence of malice. Given the miniscule amount of evidence that indicated any malice or intentional wrongdoing, the claims raised in the complaint were not supported by the law or a good faith argument for an extension of the law. Thus, the trial court did not err in finding that Cooper and Moses had engaged in frivolous conduct in the filing of the lawsuit.

{¶21} Since there was frivolous conduct, the next issue is whether the Appellees suffered adverse effects. Testimony was presented at the hearing that the Appellees incurred attorney fees as a result of the filing of the frivolous

complaint. Itemized bills were presented to the trial court showing the amounts of the bills. No one disputed that these bills were due and owing.

{¶22} The last issue then is the reasonableness of the attorney fees. CSB was granted judgment in the amount of $4,116 in attorney fees for past work, plus an additional $1,080 for services including the sanctions hearing, and $605 for an expert witness to testify to the reasonableness of the fees for a total financial sanction of $5,801.00. This amount is supported by competent and credible evidence through the testimony and itemized statements. Thus, the trial court did not err in awarding this sanction.

{¶23} Martin was granted judgment in the amount $4,080 in attorney fees for past work, plus an additional $1080 for services including the sanctions hearing, and $605 for an expert witness to testify to the reasonableness of the fees for a total financial sanction of $5,765.00. This amount is supported by competent and credible evidence through the testimony and itemized statements. The trial court did not err in awarding this sanction.

{¶24} Finally, the trial court awarded attorney fees to Bartholomew in the total amount of $32,138.00. This number came from the itemized billing statements and testimony that the amount was reasonable and necessary. It was composed of $28,143 from the billing statements as well as $3,345 in additional attorney services including the sanctions hearing and $605 for the expert testimony. However, a review of the record indicates that this original number is

not supported by competent and credible evidence. This court notes that Bartholomew's attorneys were hired by his insurance company to represent him. The billing statements repeatedly billed for review of other cases as well as other items that may or may not have been related to this case. For example, on January 2, 2014, a bill is set forth regarding review of the Richardson case and correspondence regarding that case. Multiple billings occurred for communication regarding the Pour House case (February 2014), the Kightlinger case (May-June 2014), the Gridiron Case (July 2014)[5], the Baldwin case (July 2014), the Zion case (August 2014), the Clark Wood case (August 2014), the McKee deposition (July 2014), multiple reviews of the local rules, and multiple communications with the insurance company without any identification as to what the communication referenced. Sanctions to pay attorney fees should not be required for work not directly related to this case. Since the billing statements contained items which were not related to this case and were thus not appropriately awarded as sanctions in this case, the trial court erred in ordering the payment of attorney fees for that work. Thus, the award of attorney fees to Bartholomew in the amount of $32,138.00 was not supported by the evidence. The fourth assignment of error is sustained in part and overruled in part.

---

[5] Testimony was presented that Bartholomew was not a party to this case, but it was a case brought by Moses against CSB after summary judgment was granted and Bartholomew's attorneys were reviewing it just in case it involved Bartholomew. Tr. 117-18. Several of these case reviews occurred after summary judgment was granted and the matter was resolved.

{¶25} Having found no error prejudicial to Appellant, the judgment of the Court of Common Pleas of Wyandot County in case number 16-14-04 is affirmed. Having found error prejudicial to Appellant, the judgment of the Court of Common Pleas of Wyandot County in case number 16-14-08 is affirmed in part and reversed in part. The matter is remanded for further proceedings in accord with this opinion.

*Judgment in 16-14-04 Affirmed*
*Judgment in 16-14-08 Affirmed in Part*
*Reversed in Part*

**ROGERS, P.J. and PRESTON, J., concur.**

**/hlo**